JOHN MILTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 68344. Promulgated September 10, 1935.

*Thomas McNulty, Esq.*, for the petitioner.
*Harry F. Morton, Esq.*, and *Frank M. Thompson, Esq.*, for the respondent.

OPINION.

ARUNDELL: We confess to considerable difficulty in ascertaining what we are to decide in this case. The petition filed alleges three errors on the part of the respondent. The first deals with interest, the second with profit on the sale of securities, and the third with dividends. These alleged errors are denied and thereby the issues are framed. But neither side offered any evidence directly on these issues and they are not mentioned in the briefs.

In the facts alleged in the petition it is set forth that petitioner commenced the dissolution of the Margan corporation on or about December 28, 1929, but he is now advised and believes that the dissolution was not effective until some time in 1930. These facts are denied in respondent's answer. By amended answer the respondent sets forth representations made by the petitioner concerning the dissolution of Margan and avers that the petitioner is now estopped from denying that Margan was in fact dissolved on December 28, 1929. To this petitioner replied, in substance, that the respondent's agents had examined petitioner's records prior to the running of the statute of limitations and that respondent was in possession of all

the facts; that respondent did not rely on petitioner's representations; and that petitioner was under the erroneous belief that Margan was dissolved in 1929 until after October 8, 1932.

The evidence was directed for the most part to the question of estoppel and that is the principal matter argued in the briefs. Counsel for the respondent questioned witnesses as to the cost to petitioner of the securities turned in to Margan and he argues that matter on brief. Clearly the pleadings frame no issue concerning petitioner's cost. In view of the failure of the parties to offer evidence on the matters alleged in the petition to be erroneous, and their disregard of those matters in the briefs, we take it that those matters are abandoned. We will not decide them, but affirm the respondent's determination in respect to them for lack of evidence to show error.

The question of estoppel is treated by both parties as the principal question at issue. In our view of the case, the facts are against the petitioner as to the time of liquidation, and we pass the question of estoppel for the time being.

The petitioner originally claimed that the Margan Co. was dissolved and completely liquidated within the year 1929. His claim in that respect was examined by respondent's agents, was approved, and the tax liability of petitioner and the corporation settled on that basis. The respondent is now adhering to the facts so represented to him and further found to be true upon his investigation. The petitioner has the burden of showing the facts to be otherwise.

Margan filed its certificate of dissolution in 1929. Its stock was turned in in that year and canceled. Both petitioner and Margan reported dissolution and liquidation in that year. Thereafter Margan kept no books and filed no tax returns, despite the requirement of the taxing statute that every corporation shall file a return. All of these facts, and petitioner's subsequent representations in respect thereto, point to liquidation in 1929. None of these facts are now disputed by petitioner. Liquidation is a question of fact. *W. E. Guild*, 19 B. T. A. 1186. It has been repeatedly held that the nature of a distribution will not be determined by what it was called when made, but by the facts and circumstances in the case. In the *Guild* case, *supra*, we said:

Liquidation is not a technical status which can be assumed or discarded at will by a corporation by the adoption of a resolution by its stockholders, but an existing condition brought about by affirmative action, the normal and necessary result of which is the winding up of the corporate business.

See to the same effect, *James P. Gossett*, 22 B. T. A. 1279; affd., 59 Fed. (2d) 365; *Fred T. Wood*, 27 B. T. A. 162; *Holmby Corporation*, 28 B. T. A. 1092; *Ward M. Canaday, Inc.*, 29 B. T. A. 355. If, as the

cited cases hold, the ultimate fact is not to be determined solely on the basis of concurrent statements, much less is it to be decided on the subsequent self-serving statements of a stockholder.

In the face of the several facts indicating liquidation in 1929, petitioner maintains that it occurred in 1930, basing his claim on the facts that a bank held some of Margan's securities in the latter year as collateral for a loan and that a bank account was maintained in the name of Margan until in October 1930. But there is no showing that the securities held by the bank were not distributed to petitioner in 1929 subject to the loan. Most of the securities being in petitioner's name, and petitioner being in control of Margan, that could readily be accomplished with very little formality. In fact, it appears more than likely that that is what occurred. It is stipulated that the securities pledged were either sold and the proceeds applied to the loan or were delivered to petitioner in 1930. There is no evidence of any formal distribution of any of the securities to petitioner in 1930 as would be the case if they were the property of the corporation.

The bank account, although maintained in the name of Margan, appears to have been used by the petitioner fully as much as by the corporation. There are numerous deposits from sources other than the securities held by the bank as collateral for Margan's loans. Such other deposits were derived from securities which the evidence shows were held by Margan on December 28, 1929, and which presumably were received by petitioner in the liquidation in 1929.

Petitioner failed to bring in the minute book of the corporation, or to account for his failure, although counsel for the respondent specifically inquired concerning it. We may assume that it would show the steps authorized to be taken towards winding up the corporation, and what was actually distributed. No evidence was offered to show the actual condition of the corporation at the end of the year 1929. We accordingly hold that petitioner has failed to establish that Margan was not liquidated in 1929. Consequently his loss, if any, on liquidation was sustained in that year and not in 1930 as he now claims.

Having decided that in every practical sense the liquidation took place in 1929, it becomes unnecessary to pass on the question of estoppel. In a case of this character, however, it is not amiss to note the persuasive force of respondent's argument that petitioner is estopped to deny that the liquidation took place in 1929. The outstanding facts are that petitioner represented that liquidation occurred in 1929, that he persisted in that view until after the statute of limitations ran against the year 1929, that as a result thereof he obtained the benefit of a loss deduction and thereby escaped tax

on income in excess of $170,000, and that he now seeks to change position and get the benefit of the same loss in 1930. Under similar circumstances the courts have held estoppel would apply. See *Askin & Marine Co.* v. *Commissioner*, 66 Fed. (2d) 776; *Crane* v. *Commissioner*, 68 Fed. (2d) 640; *Edward G. Swartz, Inc.* v. *Commissioner*, 69 Fed. (2d) 633.

*Decision will be entered for the respondent.*